**SO ORDERED.**

**SIGNED April 08, 2008.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 07-50443 |
| MARVIN C. MUSGROVE and | * | |
| YOKO SAKAMOTO MUSGROVE | | CHAPTER 11 |
| | * | |
| Debtors | | |
| | * | JUDGE SUMMERHAYS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING MOTION SEEKING AUTHORITY FOR DEBTORS TO TRANSFER AND CONVEY, BY DATION EN PAIEMENT, DEBTORS' RESIDENCE IN THE VILLAGE OF RIVER RANCH TO HOME BANK FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES

This matter came on to be heard by this Court on April 1, 2008 on the Motion Seeking Authority For Debtors To Transfer And Convey, By Dation En Paiement, Debtors' Residence In The Village Of River Ranch To Home Bank Free And Clear Of All Liens And Encumbrances (the "Motion") filed by the Debtors and Debtors-In-Possession, Marvin C. Musgrove, Jr. and Yoko Sakamoto Musgrove on March 11, 2008. Present were Tom St. Germain, counsel for the Debtors, and Joseph P. Hebert, counsel for Home Bank. The capitalized, defined terms used in the Motion

shall have the same meanings in these Findings of Fact and Conclusions of Law, unless specifically otherwise provided herein. The Motion seeks authority for the Debtors to transfer and convey the Subject Property to Home Bank with reservation of deficiency pursuant to a dation en paiement (the "Dation"), pursuant to Section 363 of the Bankruptcy Code. No other bids or offers for the purchase of the Subject Property from the Debtors were submitted or presented to counsel for the Debtors, counsel for Home Bank or this Court. No objections or responses were filed with respect to the Motion.

Upon consideration of the evidence presented, the arguments of counsel and the Court's review of the Motion and attached exhibits, the Court hereby makes the following findings of fact and conclusions of law:

### Findings of Fact

1.

Proper and timely notice of the Motion and related hearing was given to all creditors, interested parties and other persons as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court.

2.

Approval of the Dation between the Debtors and Home Bank and the consummation of any transactions contemplated thereby are in the best interest of the Debtors, the Debtors' estate, creditors and other interested parties.

3.

For purposes of the Motion, the Debtors and Home Bank agree that the value of the Subject Property as of April 16, 2007, the date of the commencement of this Chapter 11 case,

was in the range of $760,000.00 through $855,000.00. That valuation has not been challenged by any person.

4.

A credit of $650,000.00 shall be given by Home Bank against the Indebtedness owed by the Debtors to Home Bank with respect to the Subject Property in exchange for the Debtors' transfer and conveyance of the Subject Property. Said credit represents fair and adequate consideration for the Subject Property in view of the totality of the circumstances.

5.

Appraisals obtained by the Debtors and Home Bank, respectively, since December 1, 2007 have indicated certain appraised values for the Subject Property and the sum of $650,000.00 is not less in amount than three-quarters of any of those appraised values.

6.

The Dation will not impair the Debtors' ability to propose or confirm a plan of reorganization. On the contrary, the reduction in total debt resulting from the transfer and conveyance of the Subject Property to Home Bank will substantially reduce the Debtors' liabilities and contribute to their prospects for a successful reorganization.

7.

Home Bank is accepting conveyance of the Subject Property in good faith, within the meaning of Section 363(m) of the Bankruptcy Code. Home Bank is entitled to the protections of Section 363(m). The terms and conditions of the proposed Dation and the Motion were the products of substantial and good faith negotiations that were conducted at arms' length and without collusion between the Debtors and Home Bank. Home Bank is not an insider, as that term is defined in

Section 101(31) of the Bankruptcy Code. The provisions of Section 363(n) of the Bankruptcy Code have not been violated.

8.

The Motion also provided an opportunity, pursuant to terms and conditions stated therein, for any person to submit a cash bid for the purchase of the Subject Property from the Debtors for a purchase price of $655,000.00 or greater. No person submitted a bid or even indicated an interest in submitting a bid for the Subject Property.

9.

As set forth in the Motion, Home Bank has an interest in the Subject Property by virtue of two (2) perfected real estate mortgages. No other person has responded or objected to the Motion or raised or asserted any interest in the Subject Property.

10.

All findings of fact which are conclusions of law shall be deemed to be conclusions of law.

### Conclusions of Law

1.

This Court has jurisdiction over this Chapter 11 case, the property of the Debtors and their bankruptcy estate under 28 U.S.C. §§ 1334 and 157. The Motion falls within this Court's jurisdiction under §§ 1334(a) and 157(b)(1).

2.

The Motion and this Order concern the administration of the Debtors' estate and involve approval of the transfer and conveyance of a portion of the Debtors' estate. Therefore, the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

3.

Good and sufficient notice of the Motion and the hearing on the Motion has been given in accordance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Louisiana.

4.

All requirements of Section 363(b) of the Bankruptcy Code have been satisfied.

5.

All requirements of Section 363(f) of the Bankruptcy Code have been satisfied. Home Bank, the holder of an interest in the Subject Property, consents to the proposed Dation and the interest of Home Bank will be extinguished upon the effectiveness of the Dation. Because no other person has asserted or raised any interest in or claim against the Subject Property, the transfer and conveyance of the Subject Property will be free and clear of all interests and claims, including any liens or encumbrances.

6.

The transfer and conveyance of the Subject Property pursuant to the proposed Dation is being undertaken at arm's length, without collusion and in good faith within the meaning of Section 363(m) of the Bankruptcy Code; thus Home Bank is entitled to the protections afforded by Section 363(m). In addition, the provisions of Section 363(n) of the Bankruptcy Code have not been violated; neither the Debtors nor Home Bank has engaged in any conduct that would cause or permit the proposed Dation to be avoided pursuant to Section 363(m).

7.

The transfer and conveyance of the Subject Property by the Debtors to Home Bank pursuant to the Dation and this Order (a) is or will be a legal, valid and effective transfer and conveyance of

the Subject Property to Home Bank and (b) vests or will vest Home Bank with all right, title and interest of the Debtors in and to the Subject Property, as may be further set forth in the form attached as Exhibit "A" to the Motion, free and clear of all liens, claims, encumbrances, security interests, mortgages and other adverse interests of any type or description, but subject to any mineral leases, mineral reservations, land use restrictions, servitudes, easements or rights of way affecting the Subject Property and of public record in Lafayette Parish, Louisiana.

8.

The sum of $650,000.00, representing the credit offered by Home Bank against the Indebtedness owed by the Debtors with respect to the Subject Property, is, and shall be deemed, the "reasonably equivalent value," as that term is defined in La. R.S. 13:4108.2B(2), of the Subject Property.

9.

All conclusions of law which are findings of fact shall be deemed to be findings of fact.

### Conclusion

The Court has authorized submission of proposed findings of fact and conclusions of law by counsel for the Debtors. The Court has independently reviewed and approves of same and by signature hereto, makes the proposed findings and conclusions the findings and conclusions of the Court.

###

This Order was prepared and is being submitted by:
Weinstein & St. Germain, LLC
By: Tom St. Germain
Attorney for: Debtors
Bar No.: 24887
Mailing Address: 1414 NE Evangeline Thrwy., Lafayette, LA 70501
Telephone No.: (337) 235-4001